983 F.2d 1076
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 Martin Allen JOHNSON, Petitioner-Appellant,
v.
UNITED STATES BUREAU OF PRISONS, Respondent-Appellee.
 No. 92-16388.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 16, 1992.
Decided Dec. 18, 1992.
 Before GOODWIN, O'SCANNLAIN and RYMER, Circuit Judges.
 
 MEMORANDUM
 
 1
 Petitioner Martin Allen Johnson appeals pro se the district court's denial of his motion to amend judgment in his habeas corpus petition and of his motion for costs. We affirm the judgment of the district court.
 
 I. BACKGROUND
 
 2
 Johnson is serving a twenty-two year sentence for possession making threatening statements toward a staff member. Johnson asks that his record be expunged of the violation because he was not permitted to present witnesses nor allowed a staff representative at the disciplinary hearing in violation of due process. The issue was not adequately presented to the district court until after the court issued its ruling on Johnson's habeas petition. In addition, the record is unclear whether Johnson has exhausted the Bureau of Prisons' ("BOP") three-level administrative remedy process as he is required to do before seeking judicial review. See ; (9th Cir.1986). Nonetheless, because Johnson's due process claim is without merit, see (1974) (holding that inmates do not have an unrestricted right to call witnesses at disciplinary proceedings), there is no need to remand to the district court to settle the exhaustion issue and accordingly deny Johnson's request for discovery.
 
 
 3
 Next, Johnson argues that the BOP be required to initiate proceedings to determine his eligibility for pre-release placement in a community treatment center ("CTC") pursuant to (c). Johnson acknowledges that Sec. 3624(c) does not grant prisoners a right to such placement. (9th Cir.1991). Rather, his argument is that he has a due process right to be considered for CTC placement in a timely manner so that he may be eligible for the maximum allowable placement time. The district court dismissed Johnson's claim on the ground that he failed to exhaust his administrative remedies. Johnson's response is that an exhaustion requirement will deprive him of the full benefit of CTC custody since he is now only nine months away from his scheduled parole date of August 28, 1993.
 
 
 4
 We need not address the merits of this claim as it appears to have become moot. In his reply brief, Johnson informs us that the BOP has recommended that he be placed in a CTC program for five months prior to his release beginning on April 3, 1993. Nevertheless, Johnson continues to press his claim, contending that the five-month recommendation is only a preliminary determination and that BOP delays are preventing him from receiving more time in the program. Johnson, however, is not entitled as a matter of right to the full benefits available under Sec. 3624(c). The statute merely states that a prisoner, "to the extent practicable," be afforded "a reasonable opportunity to adjust to and prepare for his re-entry into the community." . Moreover, his demand was that the BOP determine his eligibility for the CTC program. The BOP has done so and has reached a decision favorable to Johnson.
 
 
 5
 Johnson argues further that he is entitled to an immediate release under Sec. 235(b)(3) of the Sentencing Reform Act of 1984 ("SRA"). (b)(1). Johnson was sentenced to twenty-two years imprisonment under the pre-Sentencing Guidelines regime. Although the parole guidelines suggested a range of 52 to 64 months before Johnson would be eligible for parole, the Parole Commission ruled that he would have to serve one-third of his sentence--88 months--to be eligible for parole pursuant to (a). Johnson argues that Sec. 4205(a) was repealed by the SRA. Specifically, he relies on the original language of SRA Sec. 235(b)(3) which provided that:
 
 
 6
 The United States Parole Commission shall set a release date, for an individual who will be in its jurisdiction the day before the expiration of five years after the effective date of this Act, that is within the range that applies to the prisoner under the applicable parole guideline.
 
 
 7
 The SRA became effective on November 1, 1987, and a month later, on December 7, 1987, Congress amended Sec. 235(b)(3) by substituting the words "pursuant to section 4206 of Title 18, United States Code" for "that is within the range that applies to the prisoner under the applicable parole guideline." Johnson maintains that because he has already served beyond the 52 to 64 month guideline range, Sec. 235(b)(3) mandated his release on October 30, 1992.
 
 
 8
 This very argument was squarely rejected in (9th Cir.1991), cert. denied, (1992), where we made clear that "Sec. 235(b)(3), a transition provision, does not change the status of prisoners, making otherwise ineligible prisoners eligible for parole." Id. at 879. We observed that the section " 'simply specifies the timing of the Commission's decisions regarding release dates; it says nothing about when prisoners shall actually become eligible for release.' " Id. (quoting (9th Cir.1989)) (emphasis in original).
 
 
 9
 Finally, Johnson argues that the district court erred in denying his motion for costs. The district court's denial of costs is reviewed for an abuse of discretion. (9th Cir.), cert. denied, (1989). The district court ruled that Johnson was the prevailing party, but found that the expenses cited were not taxable costs under Federal Local Rule 49(e) for the District of Arizona. Because Johnson submitted no proof that he had personally paid for the photocopies he listed in his cost bill, the district court did not abuse its discretion in so holding.
 
 
 10
 AFFIRMED.
 
 
 11
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4.
 
 
 12
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.
 
 
 13
 . (c) provides in relevant part:
 
 
 14
 The Bureau of Prisons shall, to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, not to exceed six months, of the last 10 per centum of the term to be served under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for his re-entry into the community.
 
 
 15
 . In dismissing this claim, the district court also held that (c) only applies to prisoners sentenced after November 1, 1987 under the Sentencing Guidelines. This part of the district court's reasoning is incorrect. Section 2902(b) of Pub.L. 101-647, 104 Stat. 4913 (1991), expressly states that "Section 3624(c) ... shall apply with respect to all inmates, regardless of the date of their offense."
 
 
 16
 . The district court, for no apparent reason, neglected to address this issue. Because the issue is one of law, we will decide it notwithstanding the district court's omission.